# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**LAMAR EVERETTE**
        **Petitioner,**

   v.                                    **Case No. 08-C-0541**
                                         **(Criminal Case No. 07-CR-139)**

**UNITED STATES OF AMERICA**
        **Respondent.**

## DECISION AND ORDER

Petitioner Lamar Everette pleaded guilty to armed bank robbery, 18 U.S.C. § 2113(d), and brandishing a firearm during a crime of violence, 18 U.S.C. § 924(c). At his sentencing hearing, I adopted a guideline range of 51-63 months on the robbery count, with the § 924(c) count carrying a mandatory minimum sentence of 84 months consecutive. I granted the government's U.S.S.G. § 5K1.1 motion on the robbery count, reducing the sentence to 17 months, then further reduced the sentence on that count by 8 months under 18 U.S.C. § 3553(a) to award "credit" for time defendant spent in state custody which would not otherwise be credited by the Bureau of Prisons. I then imposed a sentence of 84 months consecutive on the § 924(c) count, for a total of 93 months in prison.

Petitioner took no appeal but now moves to vacate his sentence under 28 U.S.C. § 2255. Section 2255 provides a vehicle for attacking a federal sentence on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. §

2255(a). I must conduct a preliminary review of petitioner's motion pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, which provides:

> If it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States Attorney to file an answer, motion or other response . . . .

Under this screening Rule, the district court may dismiss a § 2255 action without holding a hearing or requiring the government to respond if the motion and the files and records of the case conclusively show that the petitioner is entitled to no relief. Gallo-Vasquez v. United States, 402 F.3d 793, 797 (7th Cir. 2005). Likewise, the court may deny the motion summarily if "the petitioner makes conclusory or speculative allegations rather than specific factual allegations." Daniels v. United States, 54 F.3d 290, 293 (7th Cir. 1995).

Petitioner bases his motion on a claim of ineffective assistance of trial counsel.[1] In order to sustain such a claim, petitioner must show that his lawyer's performance fell below an objective standard of reasonableness and that counsel's errors prejudiced the defense. See, e.g., Strickland v. Washington, 466 U.S. 668, 688 (1984). Petitioner contends that his lawyer failed to investigate or prepare a defense, object to the pre-sentence report or present mitigating circumstances at sentencing. However, petitioner provides no specifics supporting his allegations and no explanation as to how how counsel's alleged deficiencies prejudiced his case. See Galbraith v. United States, 313 F.3d 1001, 1008-09 (7th Cir. 2002) (stating that an ineffective assistance claim must be supported by more than bare allegations). A bald claim of failure to investigate or object will not do. See, e.g., United States v. Rodriguez, 53 F.3d

---

[1] Such claims may be raised for the first time under § 2255, notwithstanding the defendant's failure to appeal. See Massaro v. United States, 538 U.S. 500, 504 (2003).

2

1439, 1449 (7th Cir. 1995) (stating that the defendant bears the burden of supplying sufficiently precise information of the evidence that would have been obtained had his counsel undertaken the desired investigation, and of showing whether such information would have produced a different result); see also Fuller v. United States, 398 F.3d 644, 650-51 (7th Cir. 2005) (stating that in order to succeed on an ineffective assistance at sentencing claim, the defendant must elucidate legitimate objections his trial counsel failed to make, which would have resulted in a more favorable sentence).

Petitioner notes that the court may depart based on extraordinary family circumstances under U.S.S.G. § 5H1.6, and that the sentencing guidelines are no longer mandatory. But petitioner fails to discuss his family situation or to demonstrate any other grounds for a lesser sentence under either the guidelines or 18 U.S.C. § 3553(a). Further, I considered the § 3553(a) factors in petitioner's case and, in fact, imposed a non-guideline sentence on the robbery count. Because petitioner faced a mandatory minimum sentence on the § 924(c) charge, I could not reduce the sentence on that count under § 3555(a). United States v. Duncan, 479 F.3d 924, 930 (7th Cir.), cert. denied, 128 S .Ct. 189 (2007) ("Courts may not apply § 3553(a) to reduce a statutory mandatory minimum sentence."). No sentencing argument from defense counsel could have modified the term required by this statute.[2] See United States v. Woods, 233 F.3d 482, 486 (7th Cir. 2000) ("Woods cannot establish that he was prejudiced in this case because no matter how well counsel performed there was no lesser sentence available to Woods under the mandatory sentence provisions of 18 U.S.C. § 924(e)(1).").

---

[2]The government's U.S.S.G. § 5K1.1 motion specifically pertained only to the robbery count, not the § 924(c) count.

3

Petitioner also alleges that his plea was unknowing because his lawyer "advised him that he was facing the maximum sentence" and "never investigated all other possible sentencing factors that would benefit petitioner if properly raised before the Court." (Petitioner's Mem. of Law at 5.) However, petitioner again fails to explain how counsel's advice leading to the plea was deficient or what factors counsel should have raised at sentencing,[3] and during the plea colloquy I ensured that petitioner understood the sentence he faced, including the mandatory consecutive sentence under § 924(c). Petitioner also claims that he "was not advised of the true facts of the elements of the § 2113(d) offense nor of the opportunity to object thereto." (Id. at 6.) But petitioner's plea agreement, which he assured me he had read and understood, contained an accurate recitation of the elements of the offense, as well as an adequate factual basis for the plea.

In sum, petitioner fails to demonstrate any violation of his Sixth Amendment rights. **THEREFORE, IT IS ORDERED** that petitioner's motion is **DENIED**, and this case is **DISMISSED**. The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 14th day of July, 2008.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge

---

[3]Petitioner does not indicate a desire to withdraw his plea. It appears that he simply wants a shorter sentence.

4